SOUTH PORTO RICO SUGAR Co. demandante y apelada *v.* R. SANCHO BONET, TESORERO DE PUERTO RICO, demandado y apelante.

Núm. 7588.—*Sometido:* Mayo 20, 1938. *Resuelto:* Enero 17, 1939.

*Hon. Procurador General B. Fernández García y E. Campos del Toro, Procurador General Auxiliar,* abogados del apelante; *R. Castro Fernández* y *José López Baralt,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

El pleito original en este caso fué radicado hace más de ocho años, pero por alguna razón que desconocemos no fué visto hasta el mes de enero, 1936. La South Porto Rico Sugar Company instó demanda para recobrar la suma de $12,662.45 que había pagado bajo protesta como resultado de ciertas contribuciones sobre la propiedad impuéstasle para el año 1928–29. La cuestión fundamental presentada a la corte inferior giraba en torno a la valoración correcta de la propiedad sobre la cual se había pagado la contribución bajo protesta. La demandante alegó que los siguientes bienes habían sido valorados en exceso por el Tesorero:

(*c*) 217 vagones de caña de 18 toneladas de capacidad valorados por el tesorero en $93,740; 185 vagones de caña de 15 toneladas de capacidad valorados por el tesorero en $74,920, y 90 vagones de caña de 6 toneladas de capacidad valorados en $24,300. La compañía azucarera calculaba el valor de estos vagones en $72,996; $48,485; y $5,000, respectivamente.

(*b*) Una finca de 300 cuerdas conocida por "Ensenada" que el tesorero tasó en $61,400, mientras que la demandante la valoró en $5,000.

(*c*) Un muelle para el embarque de azúcar tasado en $9,000, mientras que su valor razonable era tan sólo $4,575,

(*d*) Varios edificios y parte de la fábrica de azúcar que el tesorero tasó separadamente y que la demandante alegó formaban parte integrante de su central y a los que en su consecuencia no debían imponérsele contribuciones separadamente. Las estructuras en cuestión y sus tasaciones respectivas fueron las siguientes:

| | |
|---|---:|
| Bomba de agua salada | $10,000.00 |
| Planta de hielo | 5,000.00 |
| Laboratorio | 10,000.00 |
| Oficina | 3,800.00 |
| Sistema de agua dulce | 42,400.00 |
| Almacenes de azúcar | 110,000.00 |
| Varios almacenes | 69,400.00 |
| Tanques de aceite | 41,000.00 |
| Total | $291,600.00 |

Además, la South Porto Rico Sugar Company alegó que el valor razonable de los edificios anteriores era $10,000; $2,000; $6,075; $500; $20,000; $67,557; $7,529; y $4,785, respectivamente.

(*e*) Dos casas en Guánica que fueron tasadas por el tesorero en $3,400, que la demandante alegó nunca habían existido, y

(*f*) La estación de radio y sus torres tasadas en $8,000, que valían razonablemente tan sólo $2,000.

La Junta de Revisión e Igualamiento confirmó las tasaciones anteriores hechas por el tesorero, y luego de pagar bajo protesta la demandante instruyó el presente litigio ante la Corte de Distrito de San Juan.

Durante el juicio la demandante ofreció como prueba los expedientes de los casos civiles números 1044 y 3284 de la Corte de Distrito de San Juan para demostrar cuál había sido el verdadero valor de estas mismas propiedades en 1926. Dichos pleitos habían sido entre las mismas partes

en cobro de contribuciones pagadas bajo protesta sobre los mismos bienes para los años 1925 y 1926. En ambos litigios Rafael Carrión Pacheco había sido designado tasador de los bienes a virtud de una estipulación de las partes, y su tasación fué aceptada por la corte. El caso número 1044 fué apelado para ante este tribunal y confirmado en cuanto a todas aquellas cuestiones que podían afectar el presente recurso. Véase 45 D.P.R. 932.

Sobre esta base la South Porto Rico Sugar Company llamó como testigo al Sr. Carrión, y teniendo a la mano su tasación original hecha en 1929, le pidió que hiciera un estimado del valor de los mismos bienes para el año 1927–28. Descansando casi exclusivamente en la declaración de este testigo la corte resolvió que el material rodante de la compañía valía en 1928 tan sólo $140,350 en vez de $265,930; que el valor razonable de la finca Ensenada era $13,552 en vez de $61,400; que el muelle para el embarque de azúcar valía tan sólo $6,282 en lugar de $9,000; que la estación de radio y las torres tan sólo valían $3,000 en vez de $8,000; y que de los edificios a que se hace referencia en el párrafo (d) supra, debían excluirse los siguientes, por formar parte de la central azucarera principal, sobre la cual se ha impuesto contribución separadamente: la bomba de agua salada, el laboratorio, el sistema de agua dulce, y los tanques de aceite; y que el edificio de oficina debía valorarse en $3,000 en vez de $3,800; los almacenes de azúcar en $100,000 en vez de $110,000 y los otros almacenes en $58,525 en vez de $69,400. Las dos casas mencionadas bajo el párrafo (e) supra fueron aparentemente eliminadas del caso.

Como resultado de estas conclusiones la corte inferior ordenó al tesorero que hiciera una nueva tasación.

El tesorero ha señalado cuatro errores. Los señalamientos primero, segundo y cuarto atacan la admisibilidad de la declaración del Sr. Carrión, la certeza del método empleado por él para llegar a sus conclusiones finales y el peso dado a la prueba en su totalidad.

■ La apelante descansa en la presunción de cierta que de ordinario tiene toda tasación hecha por el tesorero. Manifestaciones generales de obras que tratan de la materia son citadas sin demostrarse su aplicación directa al caso que está bajo nuestra consideración. Se ataca el método utilizado por el tasador sin dar razones que convenzan de que la tasación es errónea o que debe ser descartada. Debe tenerse presente que el Sr. Carrión había tasado en 1929 todas las propiedades que ahora están en controversia. Es cierto que él había hecho tal cosa con el objeto de preparar un estimado de su valor en 1926, mas convenimos con la corte inferior en que él estaba en mejor posición, debido a la tasación que había hecho en 1929, para hacer un estimado del valor razonable en el mercado de dichos bienes en 1928.

La tasación de Carrión para 1926 fué aceptada por la corte de distrito, y como no se apeló de la cuantía de tal tasación, ella podía servir razonablemente como guía para futuros años. Con la posible excepción de los terrenos envueltos, todos los edificios, vagones y propiedades naturalmente podía esperarse que depreciaran en valor con el transcurso de los años y con el desgaste producido por el tiempo y por el uso. Habiendo establecido la identidad de las propiedades y ofrecido la declaración pericial de un tasador que ya había intervenido en una controversia similar, creemos que la South Porto Rico Sugar Company había hecho lo suficiente para destruir la presunción invocada por el tesorero. Éste no era un caso enteramente nuevo, existían ciertos precedentes, aunque no eran *res adjudicata,* en relación con el valor de la propiedad. En verdad el caso presentado por la contribuyente era suficiente para justificar a la corte sentenciadora a llegar a su conclusión. La presunción existente en favor de la certeza de una tasación administrativa no es irrefutable. En el caso reciente de *Viera* v. *Sancho Bonet,* 53 D.P.R. 327, este Tribunal, luego de hacer la reseña legislativa de nuestra ley

actual para recobrar contribuciones pagadas bajo protesta, dijo:

"Estamos conformes con el apelante en que no es necesario alegar y probar fraude o extralimitación de autoridad para obtener la devolución de la contribución pagada bajo protesta, pero, de acuerdo con todos los precedentes, resolvemos que para destruir la presunción de justas que tienen las actuaciones del tesorero y de la. junta se necesita una prueba clara que convenza a la corte sentenciadora de que la tasación hecha por el tesorero y confirmada por la junta es de tal manera excesiva que la contribución impuesta de acuerdo con la misma resulta injusta en verdad, opresiva."

La prueba ofrecida estableció un caso fuerte en favor de la posición de la contribuyente. No podemos decir que la corte sentenciadora no estuviera justificada en llegar a la conclusión a que llegó. El tesorero descansó exclusivamente en la presunción que existe a su favor y dejó de ofrecer prueba de clase alguna. Bajo estas circunstancias, la corte inferior, al quedar convencida por la prueba ofrecida por la demandante, tuvo fundados motivos para reducir la tasación.

El siguiente señalamiento ataca la resolución de la corte al resolver que la bomba de agua salada, el laboratorio, el sistema de agua dulce y los tanques de aceite debían considerarse como parte de la central para fines contributivos.

En el caso de *South Porto Rico Sugar Company* v. *Domenech,* 45 D.P.R. 932, 934, se planteó esta misma cuestión ante la corte inferior, y dicha corte aprobó la exclusión del laboratorio, la bomba y los tanques de aceite de la tasación fundada en que éstos formaban parte integrante de la central. La corte de distrito igualmente ha incluído ahora el sistema de agua dulce como parte de la fábrica de azúcar. En el caso anterior la controversia aquí envuelta no estuvo ante este tribunal en apelación y en su consecuencia la decisión no sostiene realmente ni a una ni a otra parte. Somos del criterio que el juez de distrito estuvo en lo cierto al consi-

derar las partidas anteriores como parte necesaria e integrante de la central y que por ende deben ser excluídas de la presente tasación.

*La sentencia apelada debe ser confirmada.*

Los Jueces Asociados Sres. Travieso y De Jesús no intervinieron.